FOSTER v. COMPAGNIE FRANCAISE DE NAVIGATION A VAPEUR.

(District Court, E. D. New York.   December 8, 1914.)

1. ADMIRALTY ☞26—PROCEDURE.

In admiralty, it is not good practice to borrow from the other branches of the law, merely for the exigencies of one situation, a different mode of procedure from that ordinarily used, which will conduce to confusion rather than uniformity of practice.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 265–274; Dec. Dig. ☞26.]

2. ADMIRALTY ☞65—PLEADING—OFFICE OF EXCEPTION.

Where, by reason of matters alleged in the answer, a libelant is entitled to a more full and particular statement of facts, the proper method of procedure is by exception to the answer, rather than by motion for a bill of particulars.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 515–518; Dec. Dig. ☞65.]

3. PLEADING ☞313—"BILL OF PARTICULARS" DEFINED.

A "bill of particulars" was originally used to obtain the items of an account, but has gradually, through the necessities of code practice, been extended to obtaining substantially any information outside of the physical inspection of papers and matters concerned with the litigation.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. ☞313.

For other definitions, see Words and Phrases, First and Second Series, Bill of Particulars.]

In Admiralty.   Suit by Roger Foster against Compagnie Francaise de Navigation a Vapeur, Cyprien Fabre Et Cie.   On motion by libelant for bill of particulars.   Denied.

Jacob J. Aronson, of New York City, for the motion.

Butler, Brown, Wyckoff & Campbell, of New York City (Kenneth Gardner, of New York City, of counsel), opposed.

Roger Foster, of New York City, in pro. per.

CHATFIELD, District Judge.   [1, 2]   The libelant finds the answer of the respondent unsatisfactory, in that it states certain conclusions as to occurrences in France as to which the libelant thinks he should have an exact statement, so far as the respondent can furnish it, of the acts and papers on which the conclusions were based.   He has attempted to secure this by making a motion for a bill of particulars, by analogy to the now generally recognized practice in actions at law, both civil and criminal.

[3]   It would appear that a bill of particulars, which originally was the method for obtaining the items of an account, has gradually, through the necessities of code practice, been extended to denominate the means of obtaining substantially any information outside of the physical inspection of papers or matters concerned with the litigation.

In admiralty, however, the established practice governing procedure

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by rules adopted and published makes it inadvisable to borrow, without uniformity and merely for the exigencies of one situation, a different nomenclature and a different procedure than that ordinarily used. It is not necessary to cause confusion and multiplication of forms by the introduction of analogous practices from other branches of the law, when confusion rather than uniformity or simplicity will be the result.

In the present case, the general matters of information would seem to be properly within the authority of the court to require as a part of the statement by the respondent, and by rules 23 and 32, such information could have been elicited (if the necessity therefor was apparent) either as a part of the allegations of the libel, or if a reply was needed.

But neither of these rules fits the particular case now under consideration, inasmuch as the matters of which information is sought are statements contained in the answer, and no reply is necessary thereto. It can be readily seen that the method of eliciting information by means of interrogatories could only be invoked through an application to amend the libel, and this would result in further confusion of the pleading without corresponding benefit.

Under rule 28, however, exceptions could have been filed to the answer within the time limited by the rule, and through these an amendment to the answer could have been directed which would meet the defect alleged in the present answer.

It would seem that a motion to extend the time to file such exceptions, and to obtain the information which is in the nature of what in other branches of the law would be called a bill of particulars, should be the course pursued by the libelant, and that the present motion should be denied.